**In the Disciplinary Matter Involving Stephen G. MERRILL.**

No. S–15129.

Supreme Court of Alaska.

July 12, 2013.

Before: FABE, Chief Justice, WINFREE, STOWERS, and BOLGER, Justices.

### Order

Stephen Merrill was convicted of driving under the influence of alcohol on May 2, 2011, for an incident that occurred on November 14, 2009. His conviction was affirmed on appeal to the superior court and his petitions for hearing were denied by the court of appeals on May 29, 2012 and by this court on August 14, 2012.[1]

On August 21, 2012, the Alaska Bar Association filed a certified copy of Merrill's judgment of conviction and requested a referral to the Lawyers' Assistance Committee under Alaska Bar Rule 26(i)(1). This rule provides for evaluation and treatment of attorneys who are convicted of crimes involving alcohol or drug abuse.[2] The Bar sent a copy of its request to Merrill; he did not file any objection. On August 30, 2012, this court referred Merrill's case to the Lawyers' Assistance Committee.

Merrill met with the Committee on September 28, 2012. The Committee issued its recommendations on October 5, 2012 as follows:

Mr. Merrill, thanks for meeting with us and providing us a look at your evaluation from some months back.

Since this is not your first time before us, but this is the first time resulting from a conviction and a Supreme Court referral, we recommend the following:

1.) [T]hat you schedule an evaluation at Providence Breakthrough ... here in Anchorage within 14 days of receipt of this e-mail;

2.) that you provide them a comprehensive background on your Virginia criminal record, instances of Bar complaints and legal issues in Virginia, your Alaska criminal record, substance use/abuse instances, including the referral to us, and your earlier

1. The United States Supreme Court denied Merrill's petition for certiorari on May 13, 2013.

2. Alaska Bar Rule 26(i) provides:
   (1) Upon receipt of a certificate of conviction of a crime relating to alcohol or drug abuse, other than a [serious] crime described in Section (b) of this Rule, the Court may, in its discretion, refer the matter to the Lawyers' Assistance Committee of the Alaska Bar Association.
   (2) The convicted attorney shall meet with the Committee and comply with its recommendations for professional evaluation and professionally recommended treatment. The attorney may appeal the Committee's recommendations to the Board within 10 days after the date the recommendations were made. The Board, in its discretion, may approve, disapprove or modify the recommendations.

The attorney may seek review of the Board's decision by filing a petition for review with the Court pursuant to Appellate Rule 402. In the event that the attorney does not meet with the Committee or comply with the Committee's recommendations, the Committee will mail to the convicted attorney notice of the attorney's failure to meet or comply with its recommendations and require the attorney to cure the deficiency within 10 days after the date of the notice. If the convicted attorney fails to cure the deficiency as required, the Court may, based on a report by the Committee, order the attorney to show cause why the attorney should not be suspended from the practice of law until the attorney demonstrates to the Court that the deficiency is cured.

substance abuse evaluation you allowed us to review;

3.) that you provide this Committee a copy of Breakthrough's findings and recommendations within 30 days of receipt of this e-mail;

4.) and that you immediately follow all of Breakthrough's recommendations, if any, and that you notify this subcommittee of your compliance with said recommendations, if any[.]

Please be aware you have 10 days to appeal this Recommendation to the Board of Governors of the Bar Association, as provided in Alaska Bar Rule 21(i)(2).

Merrill did not appeal the Committee's recommendations to the Board of Governors as allowed by Bar Rule 26(i)(2). His response to the Committee indicated that he fully planned to meet its recommendations.

Merrill attended an interview at Breakthrough on October 24, 2012. Merrill provided Breakthrough's evaluation to the Committee in early December. The Breakthrough evaluation recommended that Merrill attend an ASAM Level I outpatient program.

Merrill wrote to the Committee that he was "taken [a]back" by the Breakthrough evaluation. In an email dated December 12, 2012, however, the Committee indicated that it would not "second-guess" the recommendations in the Breakthrough evaluation. The Committee required Merrill to begin to comply with the Breakthrough evaluation and provide proof of compliance. The Committee allowed Merrill another opportunity to appeal this recommendation to the Board of Governors, but Merrill did not file an appeal. Instead, Merrill wrote to the Committee indicating that he would not comply with its recommendations.

In his correspondence with the Committee, Merrill attached an assessment from Cornell Choices that he obtained in 2010. The Cornell assessment recommended that Merrill attend an Alcohol/Drug Information School.

However, the Breakthrough evaluation included correspondence from the Alcohol Safety Action Program (ASAP), indicating that ASAP would not accept the Cornell assessment to satisfy Merrill's criminal probation.[3] The ASAP correspondence stated that Merrill did not reveal his out-of-state criminal history to the Cornell evaluator.

In an email dated March 6, 2013, the Committee again indicated to Merrill that it would not second-guess the Breakthrough evaluation. The Committee again required Merrill to begin to comply with the Breakthrough evaluation and provide proof of compliance. The Committee allowed Merrill another opportunity to appeal this recommendation to the Board of Governors under Bar Rule 26(i)(2). Again, Merrill did not appeal. Instead, he wrote to the Committee indicating that he would not comply with its recommendations.

On April 3, 2013, the Committee wrote to Merrill with a final warning. The Committee noted that Merrill had rejected its recommendations and that he had not filed any appeal to the Board of Governors. The Committee gave Merrill a final opportunity to comply with the Breakthrough evaluation in order to avoid an order to show cause. Merrill wrote back indicating that he would not comply with the Breakthrough evaluation recommendations.

On April 15, 2013, the Committee reported to this court that Merrill had failed to comply with its recommendations. On May 1, 2013, we issued an order under Bar Rule 26(i)(2)[4] requiring Merrill to show cause in writing why he should not be suspended from the practice of law until he complies with the Committee's recommendations.

In Merrill's response to the order to show cause, he does not offer to cure his deficiency by complying with the Committee's recommendations. Instead, Merrill makes several legal arguments about the validity of the

3. An alcohol safety action program is "a program for alcohol and substance abuse screening, referral, and monitoring." AS 28.35.039(1).

4. Alaska Bar R. 26(i)(2) ("If the convicted attorney fails to cure the deficiency as required, the

Court may, based on a report by the Committee, order the attorney to show cause why the attorney should not be suspended from the practice of law until the attorney demonstrates to the Court that the deficiency is cured.").

Committee's recommendations and this proceeding.

■ First, Merrill argues that we lack the authority to use contempt procedures for professional discipline. He cites no authority for this argument. But we long ago recognized that the Alaska Bar Rules have been adopted under "our inherent and final power and authority to determine the standards for admission to the practice of law in Alaska." [5] Bar Rule 26(i) is a special exercise of that authority for attorneys who commit criminal offenses related to substance abuse. It explicitly authorizes us to "order [a noncompliant] attorney to show cause why the attorney should not be suspended from the practice of law until the attorney demonstrates to the Court that the deficiency is cured." This rule clearly provides an authoritative basis for our order to show cause.

■ Merrill next argues that a summary suspension of his license to practice would violate due process, citing *McMillan v. Anchorage Community Hospital.*[6] In *McMillan* a hospital board suspended a physician's staff privileges for a pattern of disruptive behavior.[7] We held that summary suspension of privileges was not justified in the absence of clear evidence that the physician's behavior posed a realistic threat to patient care that would require immediate action.[8]

In this case, however, Merrill is not being summarily suspended for undetermined misbehavior. Rather, Merrill was convicted of driving under the influence after a jury trial, and his conviction was affirmed on appeal. This conviction served as the basis for our referral to the Committee under Bar Rule 26(i)(1).

■ Moreover, a party may waive the right to an objection on due process grounds by "consenting to certain procedures or by failing to object to others."[9] Despite numerous opportunities, Merrill repeatedly failed to take advantage of designated procedures for contesting the Committee's recommendations. Merrill did not file any objection when the Bar initially requested referral of this matter to the Lawyers' Assistance Committee. And after the Committee met with Merrill and recommended that he comply with a Breakthrough evaluation, Merrill responded that he fully planned to meet the Committee's recommendations. The Committee repeatedly notified Merrill that he had the right to appeal its recommendations to the Board of Governors under Bar Rule 26(i)(2), which would have given Merrill the opportunity to contest the propriety of the Committee's recommendations. He was offered this opportunity on three occasions, both before and after he received the Breakthrough evaluation. But Merrill chose not to file such an appeal.[10]

Finally, this show cause proceeding provided an opportunity for Merrill to contest the Committee's report that he failed to comply with its recommendations. But Merrill does not contest this aspect of the report; he clearly refuses to comply with the Committee's recommendations. We conclude that Merrill has received due process at every step in this proceeding, and that he has knowingly bypassed the procedures that would have allowed him to contest the Committee's recommendations.

■ Merrill next argues that the Committee's requirement that he follow the recommendations in the Breakthrough evaluation violates his constitutional right to privacy. He primarily relies on federal cases protecting a general right to privacy.

**5.** *Application of Stephenson,* 511 P.2d 136, 141 (Alaska 1973).

**6.** 646 P.2d 857 (Alaska 1982).

**7.** *Id.* at 859.

**8.** *Id.* at 866.

**9.** *In re C.L.T.,* 597 P.2d 518, 522 (Alaska 1979).

**10.** Merrill's correspondence with the Committee indicates that Merrill mistakenly believed he was entitled to an evidentiary hearing regarding his challenge to the Committee's recommendation. But by repeatedly advising Merrill of his right to appeal, the Committee made it clear that Merrill's only avenue for challenging its recommendation was an appeal to the Board. *See* Alaska Bar R. 26(i)(2) (providing that an attorney may appeal the Committee's recommendations to the Board, and the Board may approve, disapprove, or modify the recommendations).

There is no question that we have recognized a patient's right to refuse medical treatment under certain circumstances.[11] But Merrill does not cite any cases suggesting that an attorney convicted of a substance abuse offense has a right to refuse substance abuse treatment with impunity. Recognition of such a right could be inconsistent with our responsibility to maintain public confidence in the legal profession. Both the integrity and reputation of the profession may suffer if an attorney with a substance abuse problem is allowed to continue to practice without appropriate treatment.[12] In any event, as we have already noted, Merrill waived any objection to the recommendations in the Breakthrough evaluation by failing to appeal to the Board.

■ Finally, Merrill argues that the Providence Breakthrough assessment is inferior to the 2010 assessment conducted by Cornell Choices. The Committee's correspondence does not clearly establish why it required Merrill to complete a second assessment. But the correspondence from the Alcohol Safety Action Program indicates that ASAP would not accept the Cornell assessment to satisfy Merrill's criminal probation because Merrill did not reveal his out-of-state criminal history to the Cornell evaluator. This conclusion is consistent with the Committee's directions to Merrill, requiring him to provide the details of his Virginia criminal history to Breakthrough.

Moreover, the correspondence in the record suggests that Merrill provided the Cornell assessment to the Committee when he met with them in September 2012. The Committee apparently considered this assessment when it issued its recommendations requiring Merrill to obtain a second assessment at Providence Breakthrough. Merrill could have appealed to the Board of Governors at that time, if he felt that there were

good grounds to avoid a second assessment. Merrill has waived this point by his failure to appeal at that time.

We conclude that Merrill has failed to comply with the Committee's recommendations, and that his response fails to show good cause for this deficiency. Applying the language of Bar Rule 26(i)(2), we order that Merrill be suspended from the practice of law until he demonstrates that he has complied with the recommendations of the Committee.

**IT IS ORDERED:**

1. Stephen Merrill is suspended from the practice of law effective September 1, 2013;

2. This suspension shall continue until Merrill demonstrates that he has complied with the recommendations of the Lawyers' Assistance Committee; and

3. Merrill may demonstrate compliance by filing a written statement of compliance from the Committee.

Entered by direction of the court.

MAASSEN, Justice, not participating.

---

11. *See Huffman v. State,* 204 P.3d 339, 345–46 (Alaska 2009) (holding that a tuberculosis skin test required for public school students implicated right to privacy); *Bigley v. Alaska Psychiatric Inst.,* 208 P.3d 168, 180–84 (Alaska 2009) (requiring strict procedures for involuntary administration of psychotropic medications).

12. *See Smith v. State Bd. of Law Examiners,* 357 Ark. 628, 187 S.W.3d 842, 843–46 (2004) (affirm-

ing Board's denial of applicant's admission to state bar due to applicant's pattern of alcohol and drug abuse and lack of demonstrated rehabilitation, and noting that chemical dependency implicates an applicant's fitness to practice law); *In re Application of Kemp,* 84 Ohio St.3d 274, 703 N.E.2d 769, 771 (1998) (holding evidence of applicant's existing and untreated alcohol abuse precluded admission to state bar).